UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


GLORIA WILSON SHELTON                       )
3026 Turnstile Lane                         )
Odenton, Maryland 21113,                    )
                                            )
                    Plaintiff               )
                                            )    C.A. No. _____
vs.                                         )
                                            )
DOUGLAS A. COLLINS,                         )
Secretary                                   )
U. S. Department of Veterans Affairs        )
810 Vermont Avenue, N.W.                     )
Washington, D.C. 20420,                     )
                                            )
U.S. DEPARTMENT OF VETERANS AFFAIRS          )
810 Vermont Avenue, N.W.                     )
Washington, D.C. 20420,                     )
                                            )
                    Defendants              )
_____)

COMPLAINT

Plaintiff Gloria Wilson Shelton ("Ms. Shelton"), by counsel, hereby complains and alleges as follows:

I. NATURE OF CASE

1. This is an action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq., the Rehabilitation Act, 29 U.S.C. §701 et seq., and the Age Discrimination in Employment Act, 29 U.S.C. §§621-624, by Gloria Wilson Shelton against Defendants Douglas A. Collins, the Secretary of the U.S. Department of Veterans Affairs, and the U.S. Department of Veterans Affairs for unlawful discrimination and retaliation for protected anti-discrimination activity.

2. Ms. Shelton had a stellar legal career in the public sector in the state of Maryland, including in the Maryland Attorney

General's Office, and then in the Office of General Counsel at the U.S. Department of Veterans Affairs until she was subjected to unlawful discrimination and retaliation for protected anti-discrimination activity.  After years of Outstanding performance evaluations and recognition for her leadership and contributions, she was given an Unacceptable or Unsatisfactory performance evaluation by a new racist supervisor soon after she filed an EEO complaint, denied a reasonable accommodation necessary for a disability, and denied a performance award that was given to the staff she supervised, but not to her.  Ms. Shelton raised all of the claims in this case with the VA as required by law.  The EEO case before the VA raised allegations of discrimination on the basis of race, disability, and age, as well as retaliation.  Ms. Shelton pursued the claims through the EEOC administrative process and the EEOC issued its final decision on December 30, 2025.  The EEOC decision was sent by mail and received on January 5, 2026. This filing is timely and Ms. Shelton has exhausted all administrative remedies before the VA and the EEOC.

II. <u>JURISDICTION AND VENUE</u>

3.    This Court has subject matter jurisdiction over the claims under 28 U.S.C. §1331 and 28 U.S.C. §1337.

4.    Venue is proper in this district by virtue of 42 U.S.C. §2000(e)-5(f)(3) because the unlawful employment practices alleged were committed in this district and by virtue of 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.  Ms. Shelton was employed

by Defendants at U.S. Department of Veterans Affairs headquarters in the District of Columbia and her employment records were kept in the District of Columbia.

### III. THE PARTIES

5.  Plaintiff Gloria Wilson Shelton ("Ms. Shelton") is a resident of Maryland.  Ms. Shelton is an attorney with a stellar background practicing law and managing legal departments in the public sector.  Ms. Shelton was a GS-15 supervisory attorney, who served as Deputy Chief Counsel of the Personnel Law Group in the Office of General Counsel at the U.S. Department of Veterans Affairs (VA).  Before coming to the Department of Veterans Affairs, she served as a Bureau Chief and as Principal Counsel to the Courts and Judicial Affairs Division in the Office of the Attorney General of Maryland, as Deputy Legal Counsel of the Baltimore Police Department, and as Assistant Solicitor for the Baltimore City Housing Authority.  Prior to her promotion to Deputy Chief Counsel of the Personnel Law Group, Ms. Shelton was nominated by President Obama to the U.S. Court of Appeals for Veterans Claims.  However, after being successfully vetted, her appointment was not confirmed by the Senate.

6.  Defendant Douglas A. Collins is the Secretary of the U.S. Department of Veterans Affairs.  He is sued in his official capacity.

7.  The United States Department of Veterans Affairs is a cabinet level department and an arm of the United States government.  It is headquartered in Washington, D.C.  The

3

Department of Veterans Affairs is subject to the civil rights laws of the United States, including Title VII of the Civil Rights Act of 1964, the Rehabilitation Act, and the Age Discrimination in Employment Act.

IV. FACTS

8.  Ms. Shelton is a Black or African-American female, who was born in 1954.

9.  Ms. Shelton began employment with the Office of General Counsel of the Department of Veterans Affairs in 2010. She worked in the group that defended the VA in EEO litigation. In 2013, Ms. Shelton was promoted to the position of Deputy Assistant General Counsel in that same group.

10.  Ms. Shelton received Outstanding performance evaluations for each year of her employment at the VA from 2010 through 2016.

11.  Ms. Shelton was held in such high esteem that she was nominated to be a federal judge by President Obama near the end of his Administration. When the Senate did not confirm Ms. Shelton's appointment, she remained in the Office of General Counsel at the VA.

12.  As Deputy Chief Counsel of the Personnel Law Group in the Office of General Counsel at the VA, Ms. Shelton supervised approximately ten attorneys who specialized in EEO litigation. She later also supervised approximately six attorneys who specialized in labor law matters.

4

13.  In 2016, Doris Gruntmeir was hired for the position of Chief Counsel of the Personnel Law Group in the Office of General Counsel and became Ms. Shelton's supervisor.

14.  Ms. Gruntmeir soon began to discriminate unlawfully against and to harass Ms. Shelton. Ms. Gruntmeir falsely accused Ms. Shelton of various alleged transgressions and sent multiple rude and abrupt emails to Ms. Shelton.

15.   Ms. Gruntmeir verbally abused Ms. Shelton on the telephone, yelling at Ms. Shelton for about 30 minutes in front of her staff, ridiculing Ms. Shelton in meetings with other Deputy Chief Counsels and with attorney Judy Valois.  Ms. Gruntmeir acted similarly on other telephone calls witnessed by attorney Tokay Hackett.  Ms. Valois and Mr. Hackett were supervised by Ms. Shelton.

16.  Ms. Gruntmeir excluded Ms. Shelton from briefings, front office discussions with the General Counsel, and other meetings in which one or more of her subordinate attorneys were present.  Ms. Gruntmeir would later criticize Ms. Shelton for not being fully aware of what was discussed in the meetings from which she was excluded. Ms. Gruntmeir also reassigned the labor litigation team, consisting of six attorneys formerly managed by Deputy Chief Counsel Hansel Cordeiro, to be supervised by Ms. Shelton without providing adequate support and training to Ms. Shelton.

<u>DENIAL OF REASONABLE ACCOMMODATION</u>

17.   Ms. Shelton suffered from a disability related to cardiovascular and neurological problems.  She had inadequate blood

supply to the brain.  This caused stroke symptoms and transient ischemic attacks (TIA's).  She was at risk of passing out, losing her vision, and becoming numb.  She could not drive or stand for long periods of time as a result of the disability.  The disability restricted essential life activities and required a reasonable accommodation.

19.  Ms. Shelton informed Ms. Gruntmeir on November 19, 2019 that her medical doctor had directed her not to work for the next several weeks and that she was requesting leave under the Family and Medical Leave Act.

20.  On January 8, 2020, Ms. Shelton requested full time telework from Ms. Gruntmeir because of her disability and her medical conditions.  Ms. Shelton attached a medical doctor's note that Ms. Shelton could only work in telework status and would be reevaluated later to see if she could return to office work.

21.  On January 16, 2020, Lou Demian, an HR Specialist with the VA, informed Ms. Gruntmeir that Ms. Shelton's medical documentation supported her request for accommodation.

22.  On February 14, 2020, Ms. Gruntmeir denied Complainant's request for full-time telework.

23.  Ms. Gruntmeir "determined" that Ms. Shelton would have to attend meetings in person, interview applicants for employment in person, attend briefings in-person, prepare witnesses in-person, observe a subordinate attorney's performance at a hearing or deposition in person, and provide or attend training in-person.

24. Ms. Gruntmeir asserted that these work tasks could not be completed while teleworking and were essential functions of Ms. Shelton's position.

25. The tasks in question could all be completed while teleworking. The majority of Ms. Shelton's staff worked remotely and full time telework was already available even without a reasonable accommodation. Ms. Shelton had never experienced any instances where a VA official had insisted on an in-person meeting.

26. Ms. Shelton had only attended two hearings to observe or to supervise subordinate attorneys during her long supervisory career and this was not an essential function of her position.

27. Ms. Shelton had participated in only a few hiring interviews, most such interviews were conducted remotely, and there was no requirement that hiring interviews be conducted in person.

28. Most of the training in which Ms. Shelton participated was virtual and did not require in-person attendance.

29. There was no legitimate basis for the denial of Ms. Shelton's reasonable accommodation by Ms. Gruntmeir.

30. The denial of the reasonable accommodation was a violation of the Rehabilitation Act. It may have also involved violation of the Age Discrimination in Employment Act and/or Title VII of the Civil Rights Act of 1964.

UNACCEPTABLE OR UNSATISFACTORY PERFORMANCE EVALUATION

31. Ms. Shelton had received seven straight Outstanding performance evaluations, for Fiscal Years 2010 through 2016, before Ms. Gruntmeir became her supervisor. After Ms. Gruntmeir became

Ms. Shelton's supervisor, Ms. Shelton ceased to receive Outstanding performance evaluations, but received good performance evaluations for Fiscal Years 2017 and 2018.

32.   On May 13, 2020, Ms. Gruntmeir issued Ms. Shelton a performance evaluation in which she rated Ms. Shelton's performance during Fiscal Year 2019 as Unacceptable or Unsatisfactory.

33.   There was no basis for the Unsatisfactory performance evaluation and it was clearly discriminatory and/or retaliatory.

34.   Ms. Gruntmeir gave Ms. Shelton the Unsatisfactory performance evaluation long after the normal deadline under VA policy for issuing an annual performance evaluation.   Ms. Shelton was available for a performance evaluation before the deadline for one.

35.   Ms. Gruntmeir gave Ms. Shelton the Unsatisfactory performance evaluation on May 13, 2020 shortly after Ms. Shelton's management was notified of her EEO complaint on April 3, 2020.

36.   The short temporal proximity of less than two months between management being notified of Ms. Shelton's EEO complaint and the Unsatisfactory performance evaluation supports the claim of retaliation.

37.   Ms. Shelton's last two performance evaluations before the Unsatisfactory performance evaluation for Fiscal Year 2019 (i.e., those for Fiscal Years 2017 and 2018) were much higher and did not identify any problems.

38. Ms. Shelton received a Satisfactory mid-year performance evaluation for Fiscal Year 2019 with Ms. Gruntmeir as her supervisor.

39. The purported justification for Ms. Shelton's poor performance evaluation involved allegations that, on their face, were not sufficient to support an Unsatisfactory performance evaluation.

40. The purported justification for the Unsatisfactory performance evaluation involved such purported "failings" as Ms. Shelton allegedly not handling a moot court properly. The allegation was false.

41. Another purported failing was that Ms. Shelton did not inform a VA client of an arbitrator's decision of which Ms. Shelton did not have any knowledge. Ms. Gruntmeir had assigned the matter to a paralegal who did not inform Ms. Shelton of the decision.

42. Another purported failing was that Ms. Shelton allowed a colleague, Daenia Peart who handled VA policy matters for the Office of General Counsel, to take the lead on a matter not involving litigation, as requested by higher leadership in the Office of General Counsel. Ms. Shelton was rated poorly for following the direction of higher leadership in the Office of General Counsel on this.

43. Ms. Shelton prepared a self assessment in connection with the performance evaluation process which documented her overall fine performance during Fiscal Year 2019. The self assessment was well justified.

44.    This was the same type of fine performance which had caused Ms. Shelton to receive seven straight Outstanding performance evaluations and that resulted in her being nominated by President Obama to be a federal judge.  It was at least as good as the performance for which Ms. Gruntmeir gave her good performance evaluations for Fiscal Years 2017 and 2018.  Ms. Shelton's performance was at least as good as other Deputy Chief Counsels who received higher performance evaluations from Ms. Gruntmeir in Fiscal Year 2019.  Those other Deputy Chief Counsels did not file an EEO complaint.

45.    Ms. Shelton's EEO complaint with the VA in April 2020 asserted unlawful discrimination on the bases of race, disability, and age.  Thus, retaliation for protected activity based on the EEO complaint would constitute retaliation under Title VII of the Civil Rights Act, the Rehabilitation Act, and the Age Discrimination in Employment Act.

46.    Giving Ms. Shelton an Unsatisfactory or Unsuccessful performance evaluation was unlawful discrimination and/or retaliation under one or more of the statutes cited in the previous paragraph.

### FAILURE TO RECEIVE SPECIAL CONTRIBUTION AWARD

47.    Ms. Gruntmeir failed to nominate Ms. Shelton for a Special Contribution Award for which she nominated only staff attorneys who worked under Ms. Shelton's supervision for work in response to the COVID-19 pandemic.  As a result, Ms. Shelton did

not receive a Special Contribution Award that was received by attorneys under her supervision.

48.    Ms. Shelton made significant contributions to legal work associated with the COVID-19 pandemic and provided guidance, direction, and supervision for the attorneys who received the award.

49.    Ms. Shelton provided the supervisory direction and guidance for all of this legal work, including union grievances related to COVID and litigation matters related to COVID, and did an excellent job at her tasks related to this.

50.    There was no legitimate reason for Ms. Gruntmeir to exclude Ms. Shelton from the award other than discrimination or retaliation.  The attorneys who received the Special Contribution Award were younger than Ms. Shelton and none of them had filed EEO complaints.  Most of the attorneys in question were White.

51.    The failure to nominate Ms. Shelton for the Special Contribution Award, which resulted in her not receiving the Special Contribution Award, was an act of unlawful discrimination and/or retaliation under Title VII of the Civil Rights Act and/or the Rehabilitation Act and/or the Age Discrimination in Employment Act.

## V. CLAIMS FOR RELIEF

### COUNT ONE
### DISCRIMINATION AND/OR RETALIATION IN VIOLATION OF TITLE VII

52.    The allegations of the preceding paragraphs are here realleged.

53.    Ms. Shelton was unlawfully discriminated against on the basis of race and/or retaliated against in violation of Title VII

of the Civil Rights Act of 1964 when the Department of Veterans Affairs took unjustified discriminatory and/or retaliatory actions against her, including denying her reasonable accommodation request, giving her an unjustified Unsatisfactory performance evaluation, and denying her a Special Contribution Award by not nominating her for one.

54.  Ms. Shelton timely reported the incidents of unlawful discrimination and/or retaliation to an EEO counselor and/or through the EEO process before the VA, and properly exhausted her administrative remedies on all of the incidents.

55.  Ms. Shelton met all reasonable expectations of her employer and performed her job well.

56.  The actions taken against Ms. Shelton were all unjustified and were willful or intentional.

57.  Similarly situated employees were treated differently than Ms. Shelton.  The other Deputy Chief Counsels who did not file EEO complaints received higher performance evaluations than Ms. Shelton in Fiscal Year 2019 although their work performance was no better than Ms. Shelton's.  The other attorneys who received the Special Contribution Award younger than Ms. Sheltonvand did not file EEO complaints.  They were almost all White.

58.  The retaliation and disparate treatment interfered with Ms. Shelton's work performance, was humiliating, was unwelcome, and materially altered the terms and conditions of her employment.  It created a hostile work environment.

59. The retaliation and disparate treatment described above was intentional or willful and caused Ms. Shelton to suffer physical and emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, harm to her professional reputation, and loss of enjoyment of life. It also created a hostile work environment.

COUNT TWO
DISCRIMINATION AND/OR RETALIATION UNDER THE REHABILITATION ACT

60. The allegations of the preceding paragraphs are here realleged.

61. Ms. Shelton was unlawfully discriminated against on the basis of disability and/or retaliated against in violation of the Rehabilitation Act when the Department of Veterans Affairs took unjustified discriminatory and/or retaliatory actions against her, including denying her reasonable accommodation request, giving her an unjustified bad performance evaluation, and not nominating her for a Special Contribution Award.

62. Ms. Shelton timely reported all of the above incidents of unlawful discrimination and/or retaliation to an EEO counselor and/or through the EEO process before the VA, and properly exhausted her administrative remedies on all of the incidents.

63. Ms. Shelton met all reasonable expectations of her employer and performed her job well.

64. The actions taken against Ms. Shelton were all unjustified and were willful or intentional.

65. Similarly situated employees were treated differently than Ms. Shelton. The other Deputy Chief Counsels who did not file

13

EEO complaints and who were not disabled received higher performance evaluations than Ms. Shelton in Fiscal Year 2019 although their work performance was no better than Ms. Shelton's. The other attorneys who received the Special Contribution Award did not file EEO complaints and were not disabled.

66. The unlawful retaliation and disparate treatment interfered with Ms. Shelton's work performance, was humiliating, was unwelcome, and materially altered the terms and conditions of her employment. It also created a hostile work environment.

67. The unlawful retaliation and disparate treatment described above was intentional or willful and caused Ms. Shelton to suffer physical and emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, harm to her professional reputation, and loss of enjoyment of life. It also created a hostile work environment.

COUNT THREE
DISCRIMINATION ON BASIS OF AGE

68. The allegations of the preceding paragraphs are here realleged.

69. Ms. Shelton was unlawfully discriminated against on the basis of age and/or retaliated against in violation of the Age Discrimination in Employment Act when the Department of Veterans Affairs took unjustified discriminatory and/or retaliatory actions against her, including denying her reasonable accommodation request, giving her an unjustified bad performance evaluation, and not nominating her for a Special Contribution Award.

70. Ms. Shelton timely reported all of the above incidents of unlawful discrimination and/or retaliation to an EEO counselor and/or through the EEO process before the VA, and properly exhausted her administrative remedies on all of the incidents.

71. Ms. Shelton met all reasonable expectations of her employer and performed her job well.

72. The actions taken against Ms. Shelton were all unjustified and were willful or intentional.

73. Similarly situated employees were treated differently than Ms. Shelton. The other Deputy Chief Counsels who did not file EEO complaints and who were younger received higher performance evaluations than Ms. Shelton in Fiscal Year 2019 although their work performance was no better than Ms. Shelton's. The other attorneys who received the Special Contribution Award were younger than Ms. Shelton and did not file EEO complaints.

74. The unlawful retaliation and disparate treatment interfered with Ms. Shelton's work performance, was humiliating, was unwelcome, and materially altered the terms and conditions of her employment. It created a hostile work environment for Ms. Shelton.

75. The unlawful retaliation and disparate treatment described above was intentional and/or willful and caused Ms. Shelton to suffer physical and emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, harm to her professional reputation, and loss of enjoyment of life. It also created a hostile work environment.

PRAYER FOR RELIEF

WHEREFORE, for the unlawful discrimination and/or retaliation against her, Ms. Shelton demands judgment against Defendant Douglas A. Collins, the Secretary of the Department of Veterans Affairs and against the Department of Veterans Affairs, to include the award of all damages allowed by law and to be determined at trial, including an Outstanding performance evaluation for Fiscal Year 2019, compensation for all lost pay and benefits associated with a higher performance evaluation, restoration of all leave used as a result of the discrimination and/or retaliation against her, compensation for all lost pay and benefits associated with failure to nominate Ms. Shelton for the Special Contribution Award and her subsequent failure to receive the Special Contribution Award, full liquidated damages; compensatory damages for the physical and emotional pain, embarrassment, humiliation, mental anguish, inconvenience, career loss, loss of future career opportunities, loss of professional reputation, and loss of enjoyment of life; pre-judgment and post-judgment interest; reasonable attorney's fees, costs, and expenses; an Order declaring that Defendants have violated Ms. Shelton's rights under Title VII of the Civil Rights Act of 1964 and/or the Rehabilitation Act and/or the Age Discrimination in Employment Act and enjoining further discrimination and/or retaliation against her; and such other relief as this Court considers proper.

JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

16

Respectfully submitted,

GLORIA WILSON SHELTON
By counsel:


 /s/ John J. Rigby
John J. Rigby
D.C. Bar #255539
McInroy, Rigby & Rhodes, L.L.P.
2111 Wilson Blvd., Suite 800
Arlington, Virginia 22201
(703) 841-1100
(703) 841-1161 (fax)
jrigby@mcinroyrigby.com


 /s/ George R. A. Doumar
George R. A. Doumar
D.C. Bar #415446
Raj H. Patel
D.C. Bar #240973
Doumar Martin, PLLC
1530 Wilson Blvd., Suite 1060
Arlington, Virginia 22209
(703) 243-3737
gdoumar@doumarmartin.com
rpatel@doumarmartin.com